IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**EARNEST HALL**                                                                             **PLAINTIFF**

**V.**                                                              **CASE NO. 2:08CV174**

**BOLIVAR COUNTY**
**H.M. "MACK" GRIMMETT**
**CHARLES GILMER**
**CHARLES "MOON" ANDERSON**                       **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of all defendants, Bolivar County, H.M. "Mack" Grimmett, Charles Gilmer, and Charles "Moon" Anderson, for summary judgment on the Age Discrimination in Employment Act ("ADEA") and Mississippi Tort Claims Act ("MTCA") claims of plaintiff, Earnest Hall. In deciding this motion the court must also decide defendants' motion to direct plaintiff to respond to motion or in the alternative to ask the court to rule on the motion and two motions to strike exhibits to Hall's response to defendants' motion for summary judgment.

Hall brought suit against the defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and the MTCA, MISS. CODE ANN. §§ 11-46-1, *et seq*. The defendants also seem to believe Hall is raising claims under the ADEA, 29 U.S.C. §§ 621, *et seq*.

Hall's complaint alleges he was a deputy sheriff for the Bolivar County Police Force beginning in 1996. He states the elected Sheriff, Grimmett, requested each deputy to campaign on his behalf under the threat of termination. Hall complied during the first two election cycles for which he was employed. In 2003 Hall along with four other deputies refused to campaign.

After Grimmett was relected in 2003, he required all the deputies to reapply for their positions and placed the five deputies who did not campaign for him on a six-month probationary period.

In 2007, the same five deputies refused to campaign for Grimmett. During the campaign, Grimmett informed the other deputies and court personnel that the five noncompliant deputies would be terminated.

On January 8, 2008, Grimmett was sworn in as the Sheriff. He immediately requested Hall resign. Hall refused to resign and was terminated. On February 10, 2008 Hall filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Consistent with a "work sharing agreement," Hall's complaint was shared with the state agency involved. In July 2008 Hall filed the instant suit.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Without analysis the court will grant the defendants' motion as to any ADEA claim. Hall has not included such a claim in his complaint nor has he briefed that issue.

Before deciding the MTCA claims the court addresses the two motions to strike exhibits filed by the defendants. Defendants first seek to strike certain paragraphs of affidavits which they state are impermissible hearsay evidence.

Federal Rule of Civil Procedure 56(e) requires that affidavits submitted as supporting or opposing a grant of summary judgment must "set out facts that would be admissible in evidence." Hearsay statements should be excluded from evidence. Fed. R. Evid. 801.

The relief sought in this instance does not match with the necessary remedy. There is no doubt that the statements in question are hearsay if offered for the truth of the matter asserted. However, these statements may be offered for some other legitimate purpose. The court will deny the motion to strike the statements, but will certainly use only admissible evidence in deciding the motions before it.

The court next addresses the motion of defendants to strike the response in opposition to their motion for summary judgement as it relates to the claims brought under the MTCA. Their argument is that these claims were not in the original complaint and that Hall's motion to amend the complaint to include these claims was denied. However, since this motion was filed the court reversed the decision disallowing amendment. Hall has amended his complaint to raise claims under the MTCA. As such this motion is denied.

Defendants argue that the MTCA claims are barred because Hall failed to provide notice as required by the statute waiving the states's immunity. MISS. CODE ANN. § 11-46-11. Hall admits that he failed to follow the letter of section 11-46-11, but argues his actions were substantially compliant and thus permissible.

Section 11-46-11(2) requires:

Every notice of claim required by subsection (1) of this section shall be in

> writing, and shall be delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

The notice provision of the MTCA "'imposes a condition precedent to the right to maintain an action.'" *Bunton v. King*, 995 So.2d 694, 695 (Miss. 2008) (quoting *Miss. Dep't of Pub. Safety v. Stringer*, 748 So.2d 662, 665 (Miss. 1999)). However, Mississippi only requires substantial compliance with the form of notice provided. *Price v. Clark*, 21 So.3d 509, 520 (Miss. 2009) (citing *Lee v. Memorial Hospital of Gulfport*, 999 So.2d 1263, 1266 (Miss. 2008)). Courts are to determine what constitutes substantial compliance based on the facts at hand. *Id.* (citing *Carr v. Town of Shubuta*, 733 So.2d 261, 263 (Miss. 1999)).

Mississippi district courts have addressed this issue finding that an EEOC notice can not serve to meet the notice requirement of the MTCA. *Williams v. Weems Community Mental Health Center*, 2006 WL 1666280, at *2 (S.D. Miss. June 13, 2006) (citing *Forside v. Mississippi State University*, 2002 WL 31992181, *5 (N.D. Miss. Dec. 30, 2002); *Brunt v. Coahoma County School*, 1999 WL 33135089, at *6 (N.D. Miss. December 21, 1999)).

Further at a minimum the EEOC complaint fails to state the amount of money damages sought. The Mississippi Supreme Court has held "[w]ith respect to the seven required categories of information [including the amount of money damages], the failure to provide any one of [them] is failure to comply." *South Cent. Regional Medical Center v. Guffy*, 930 So.2d 1252, 1258 (Miss. 2006).

Based on this reasoning the court will grant the defendants motion for summary judgement as to the MTCA claims.

Finally the court addresses the defendant's motion to require Hall to respond or alternatively for the court to decide the instant motion for summary judgment. At this point Hall has responded and the court has decided this issue. This motion is therefore moot.

Based on the above reasoning the defendants' motions [68, 69] to strike are DENIED. The defendants' motion [38] for partial summary judgment is GRANTED. The defendants' motion [43] to direct Hall to respond or alternatively to ask the court to rule is MOOT.

This the 10th day of March, 2009.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**