**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

| | |
|---|---|
| **EARNEST HALL** | **PLAINTIFF** |
| **V.** | **CASE NO. 2:08CV174** |
| **BOLIVAR COUNTY** <br> **H.M. "MACK" GRIMMETT** <br> **CHARLES GILMER** <br> **CHARLES "MOON" ANDERSON** | **DEFENDANTS** |

## MEMORANDUM OPINION

This cause comes before the court on the motions **[85, 97, 103]** of Defendants Bolivar County, Mississippi, Sheriff H.M. "Mack" Grimmett, Chief Deputy Charles Gilmer and Under Sheriff Charles "Moon" Anderson, first seeking summary judgment. Plaintiff has not responded in opposition to this motion. Defendants also ask this court to reconsider its previous ruling denying summary judgment on three of Plaintiff's claims and to strike certain statements in Plaintiff's affidavit. Plaintiff has responded to the first of these motions, but has failed to respond to the second. The court, having considered the submissions, makes the following determinations.

Plaintiff Earnest Hall's initial complaint alleges he was a deputy sheriff for Bolivar County beginning in 1996. He states the elected Sheriff, Defendant Mark Grimmett, requested each deputy to campaign on his behalf under the threat of termination. Hall complied during the first two election cycles for which he was employed. In 2003 Hall, along with four other deputies, refused to campaign. Nonetheless Grimmett was reelected and required all deputies to reapply for their positions. Grimmett placed the five deputies who refused to campaign for him

on a six-month probationary period, and informed them that if they wanted to keep their jobs they had "better understand who the boss is."

The same five deputies again refused to campaign for Grimmett in 2007. Hall alleges that Grimmett informed the other deputies and court personnel that the five noncompliant deputies would be terminated. Hall further claims Defendants Chief Deputy Gilmer and Under Sheriff Anderson harassed him to the point of threatening his termination.

Grimmett was sworn in as Sheriff on January 8, 2008 and immediately requested Hall resign. Hall refused and was subsequently terminated.

Hall filed the instant suit on July 21, 2008 alleging numerous claims. This court has found that Plaintiff's Title VII claim, First Amendment claim, and Fourteenth Amendment claim may legally proceed. Hall has also filed an amended complaint, alleging breach of contract and wrongful termination claims against all defendants. Defendants seek summary judgment on all claims made in Plaintiff's first-amended complaint.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed.2d 105

(2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S. Ct. at 2110.

Plaintiff must establish his breach of contract claim by proving (1) the existence of a valid and binding contract; (2) that the defendant has broken, or breached it; and (3) that the plaintiff has been thereby damaged monetarily. *Favre Prop. Mgmt., LLC v. Cinque Bambini*, 863 So. 2d 1037, 1044 (Miss. Ct. App. 2004).

In the instant case there exists no written agreement. As such, Hall would generally be an at-will employee under Mississippi law. *Clanton v. Desoto County Sheriff's Dept.*, 963 So.2d. 560, 563-64 (citing *Kelly v. Miss. Valley Gas Co.*, 397 So.2d 874, 874 (Miss. 1981)). The Mississippi Supreme Court carved out an exception to the employment-at-will doctrine in its decision in *Bobbitt v. Orchard, Ltd.*. 603 So.2d 356, 361 (Miss. 1992). Subsequently, Mississippi appellate courts have further placed limitations on the employment at-will doctrine through interpretation of *Bobbitt*. *See Starks v. City of Fayette*, 911 So,2d 1030, 1034 (Miss. Ct. App. 2005) (); *see also Senseney v. Mississippi Power*, 914 So.2d 1225, 1229-30 (Miss. Ct. App. 2005) (discretionary language will not override at-will status). If Plaintiff meets one of these limitations to the doctrine, he may still prevail on establishing a claim for breach of contract and wrongful termination despite his at-will status.

The pertinent exception to *Bobbitt* as it relates to this case is whether the policies and procedures of the Sheriff's Department preserved Hall's at-will employment through a disclaimer. Plaintiff states in his first-amended complaint that Grimmett did not follow the policies and procedures and wrongfully terminated him. He further alleges that the manual incorporating these procedures created a contract between Hall and the Sheriff's Department.

3

This court agrees that the manual given to all employees created a contract governed by the policies and procedures. *Starks*, 911 So.2d at 1034. Defendants contend they are entitled to summary judgment because Sheriff Grimmett was not obligated to follow a policy or procedure due to a disclaimer in the Department's manual that preserved Hall's at-will employment status.

An examination of the manual reveals that Policy 3.01 contains a subsection entitled "Will and Pleasure" that states the following:

> The employment of employees of the Bolivar County Sheriff's Office is for an indefinite term and continues at the pleasure of the Sheriff. At any time, the Bolivar County Sheriff's Office may dismiss and discipline employees within the guidelines of departmental policy as determined by Sheriff or his designee.

Defendants argue this language preserved Hall's status as an at-will employee and gave Sheriff Grimmett power to terminate him at his pleasure. Plaintiff does not directly address this issue, but claims the manual has no disclaimer. This court finds that the disclaimer does retain an at-will status as the plain language makes clear that the employment is for an indefinite term subject to the Sheriff's desire to retain the employee. Elsewhere the manual states that employees will only be terminated for cause, either with or without fault. However, "[w]here there is 'something' in the employee handbook disclaiming a contract of employment, the rule developed in *Bobbitt* does not apply." *McDaniel v. Mississippi Baptist Med. Ctr.*, 869 F. Supp. 445, 453 (S.D. Miss. 1994). Further, "disclaimers in employees' manuals having their purpose of preserving the employment at-will relationship cannot be ignored." *McCrory v. Wal-Mart Stores, Inc.*, 755 So.2d 1141, 1144-45 (Miss. Ct. App. 1999). Certainly, the Bolivar County Sheriff Department's manual contains something indicating intention to preserve the status of at-will employees, rendering *Bobbitt* inapplicable. The policies provide guidance for the Sheriff's

decision, but the at-will status is maintained. Defendants Bolivar County and Grimmett's motion for summary judgment will be granted.

Under Sheriff Anderson and Chief Deputy Gilmer did not even have the power to terminate Hall and did not do so, as this court has discussed in previous orders. Thus, the court will grant their request for summary judgment on the breach of contract and wrongful termination claims filed against them.

Defendants further move this court to reconsider its previous ruling denying summary judgment on Plaintiff Hall's Title VII, First Amendment, and Fourteenth Amendment claims. Relief from a previous order denying summary judgment is appropriate where a party provides evidence of an intervening change in controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or prevent manifest injustice. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990). Defendants argue the judgment allowing Hall to proceed on his Title VII claim should be altered and corrected since Hall cannot establish a *prima facie* case for racial discrimination. Specifically, Defendants contend that the sworn statements from the Sheriff's Department submitted by Hall were incorrectly interpreted by this court. This court ruled that Hall presented evidence for this claim through sworn affidavits stating that Garcia replaced Hall. The court noted at the time that these affidavits were not strong evidence. The statements merely seem to suggest that when certain workers returned to the station the only changes noticed around the station were that Hall had been terminated, and Garcia was now in patrol. No statement specifically establishes that Garcia replaced Hall.

Defendants have now presented evidence of an order from the Bolivar County Board of

5

Supervisors stating that Allen Hopson, an African-American, in fact replaced Plaintiff. This order is direct evidence that Plaintiff was actually replaced by a man of his same race. Thus, Defendants' motion to alter and amend this portion of the court's June 25, 2010 order relating to Hall's Title VII claim is granted.

Defendants next seek reconsideration of this court's ruling that Hall's First Amendment claim is viable. Defendants initially argued that Plaintiff's mere claim he was terminated for not campaigning would not be enough to prove his actions were protected speech. This court disagreed. Defendants now argue that Hall did not produce admissible evidence to establish an issue of material fact on his political patronage claim, as it is hearsay under Federal Rule of Evidence 801(c). Hall's claim relied on statements made to various departmental employees that the word around the office was that Hall and the other non-campaigning deputies would be fired. This court has previously ruled these statements could be offered for some other legitimate purpose other than the truth of the matter asserted. However, at present, Plaintiff is using the statements to prove he was in fact fired for refusing to support the Sheriff's reelection. Thus, the statements supporting his First Amendment claim are hearsay.

Summary judgment should be granted when plaintiff can establish its claim solely on hearsay. *Miller v. Gaston*, 358 F. App'x 573, 574-75 (5th Cir. 2009). Plaintiff claims he has presented circumstantial evidence that establishes his First Amendment claim, but fails to explain or even state the evidence that does so. Conclusory allegations, improbable inferences and unsubstantiated assertions are inadequate to overcome summary judgment. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1994) (en banc). Defendants' motion will be granted as to Hall's First Amendment claim.

Defendants further argue that this court's ruling allowing Hall's Fourteenth Amendment claim should be reconsidered and altered. This court's order on June 25, 2010 found that Hall had an interest in continuing this claim pursuant to *Bobbitt* since the departmental manual lists conditions for termination. The manual contains language amounting to a disclaimer preserving the at-will status of its employees, as discussed above. Thus, Defendants' motion to alter and amend this court's ruling as to Hall's Fourteenth Amendment claim will be granted.

Defendants also move to strike certain statements in Plaintiff's affidavit submitted with his response to Defendants' motion to alter and amend. This court granted Defendants' motion even considering Plaintiff's statements, thus the motion to strike will be denied as moot. Defendants' motion **[85]** for summary judgment is **GRANTED.** Defendants' motion **[97]** to alter and amend is **GRANTED.** Defendants' motion **[103]** to strike certain statements in Plaintiff's affidavit is **DENIED AS MOOT**.

This the 24th day of September, 2010.

          **/s/ MICHAEL P. MILLS**
          **CHIEF JUDGE**
          **UNITED STATES DISTRICT COURT**
          **NORTHERN DISTRICT OF MISSISSIPPI**